**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Linda Bozec, | |
| | CIVIL ACTION `1:14-cv-10030` |
| Plaintiff, | |
| v. | CASE NO. |
| Stellar Recovery, Inc., | |
| | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, LINDA BOZEC ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD. ("Sulaiman"), complaining of the Defendant, Stellar Recovery, Inc. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action for damages for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

2.      Plaintiff brings this action for damages for Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

3.      Plaintiff brings action for damages for Defendant's violations of the Automatic Stay pursuant to Title 11 U.S.C. §362.

**JURISDICTION AND VENUE**

4.      This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the

action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

5.       Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

6.       Venue is proper in this district as Defendant conducts business in this district and the subject debt was included in Plaintiff's Chapter 13 Bankruptcy filing in the Northern District of Illinois.

<u>PARTIES</u>

7.       Plaintiff is a natural person residing at 17369 Overhill Avenue, Tinley Park, Illinois 60477, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8.       Plaintiff is a "consumer" as defined by ICFA, 815 ILCS 505/2(e).

9.       At all times relevant to this action Defendant was a corporation with its principal place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32246.

10.       Defendant is in the business of collecting debts in the State of Illinois and was registered as a corporation on March 23, 2009, File Number 66571874.

11.       Defendant's Illinois registered agent is Business Filings Incorporated located at 600 South Second Street, Suite 103, Springfield, Illinois 62704.

12.       Defendant  is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692 a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

2

## FACTS SUPPORTING CAUSE OF ACTION

13.     On February 28, 2014, Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-06905, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

14.     On March 6, 2014, Plaintiff began receiving post-bankruptcy filing collection calls from Defendant for an unknown debt. *See* Exhibit B, a true and correct copy of Plaintiff's detailed call log listing the times, dates, and, subjects of the telephone calls placed by Defendant to Plaintiff.

15.     Defendant contacted Plaintiff on the following dates and times from telephone number (877)-236-5791:

          a.      March 6, 2014 at 11:53 a.m.;

          b.      March 8, 2014 at 9:11 a.m.;

          c.      March 10, 2014 at 12:09 p.m.;

          d.      March 12, 2014 at 12:21 p.m.;

          e.      March 13, 2014 at 11:17 a.m.;

          f.      March 14, 2014 at 3:34 p.m.;

          g.      March 15, 2014 at 10:58 a.m.;

          h.      March 17, 2014 at 2:30 p.m.;

          i.      March 18, 2014 at 9:46 a.m.;

          j.      March 19, 2014 at 9:31 a.m.;

          k.      March 20, 2014 at 9:12 a.m.;

          l.      March 21, 2014 at 9:42 a.m.;

3

m.      March 24, 2014 at 9:19 a.m.;

n.      March 25, 2014 at 10:41 a.m.;

o.      March 26, 2014 at 4:15 p.m.;

p.      March 27, 2014 at 10:04 a.m.;

q.      March 28, 2014 at 1:04 p.m.;

r.      March 31, 2014 at 2:43 p.m.;

r.      April 1, 2014 at 1:53 p.m.;

s.      April 1, 2014 at 7:15 p.m.;

t.      April 2, 2014 at 1:39 p.m.;

u.      April 3, 2014 at 3:36 p.m.;

v.      April 3, 2014 at 7:20 p.m.;

w.      April 5, 2014 at 10:29 a.m.;

x.      April 7, 2014 at 2:46 p.m.;

y.      April 9, 2014 at 3:14 p.m.; and

z.      April 11, 2014 at 1:55 p.m.

16.    Defendant left voicemail messages on Plaintiff's answering machine after each call. *Id.*

17.    On April 21, 2014, Plaintiff's counsel, Sulaiman, sent a cease and desist letter along with a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines to Defendant via first class mail and facsimile. *See* Exhibit C, a true and correct copy of the cease and desist letter sent to Defendant and the facsimile transmittal confirmation sheet along with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines.

4

18. The cease and desist letter expressly stated that Plaintiff was currently in an active bankruptcy and that all collection activity must be halted. *Id.*

19. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines expressly states that Plaintiff is represented by Sulaiman and provides Sulaiman's contact information.

20. Notwithstanding the demand for Defendant to cease all collection activities, Defendant continued to place the following calls to Plaintiff from telephone number (877)-236-5791:

      a.     May 19, 2014 at 10:00 a.m.;

      b.     May 20, 2014 at 3:00 p.m.;

      c.     May 30, 2014 at 3:55 p.m.;

      d.     June 5, 2014 at 1:08 p.m.;

      e.     June 19, 2014 at 2:46 p.m.;

      f.     June 24, 2014 at 3:42 p.m.

      g.     July 16, 2014 at 4:03 p.m.;

      h.     July 17, 2014 at 7:09 p.m.;

      i.     July 23, 2014 at 12:40 p.m.; and

      j.     July 24, 2014 at 9:30 a.m. *See* Exhibit B.

21. Defendant left voicemail messages on Plaintiff's answering machine after each call. *Id.*

22. Upon information and belief, Defendant was employed by an unknown creditor to collect the subject debt.

23.     Plaintiff contacted Defendant to determine the nature of the debt being demanded, however, Defendant refused to provide any information to Plaintiff.

24.     Defendant's telephone calls to Plaintiff were highly upsetting to Plaintiff.

25.     Defendant holds itself out to be a privately held company that acquires and services charged off debts from credit originators.

26.     Defendant's website states that, "We help the consumer resolve and improve their financial position in a considerate, polite and professional manner."[1]

27.     However, there was nothing considerate, polite, professional, or even legal about Defendant's collection tactics.

28.     Concerned about having to repay a debt that Plaintiff believed was included in her Chapter 13 bankruptcy, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts cease.

29.     Plaintiff, as a direct result of Defendant's conduct, has suffered a great deal of stress.

30.     Plaintiff has expended numerous hours consulting with her attorneys as a result of Defendant's deceptive collection activities.

31.     Plaintiff has suffered mental anguish and emotional distress due to Defendant's demands on an obligation that Plaintiff believed to be invalid pursuant to the Chapter 13 bankruptcy filing.

---

[1] Found at http://www.stellarrecoveryinc.com/
Accessed: October 27, 2014

## COUNT I – DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33.     Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(10), f, and (b)(6) through its debt collection efforts.

34.     Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt as the subject debt was not owed at the time Defendant demanded payment of the subject debt as the subject debt was no longer collectable by virtue of the Plaintiff's Chapter 13 Bankruptcy.

35.     Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt must be paid at the time of the demand.

36.     Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect an alleged consumer debt as the Plaintiff was no longer obligated to pay the debt by virtue of her bankruptcy filing.

37.     Defendant violated 15 U.S.C. §1692b(6) by attempting to communicate with Plaintiff after having actual knowledge that the Plaintiff is represented by counsel.

38.     As pled in paragraphs 29 through 31 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

39.     Upon information and belief, it is part of Defendant's normal business practices to continue attempting to collect uncollectable debts or otherwise extinguished debts.

WHEREFORE, Plaintiff, LINDA BOZEC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- DEFENDANT'S VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

40.     Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

41.     Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

42.     The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

> 815 ILCS 505/2.

43.     Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

44.     These demands represent the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demand for payment were made by Defendant.

45.     Defendant's demands for payment on the debt is unfair and deceptive.

46.     These demands represent the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the demand for payment was made by Defendant.

47.     ICFA was designed to protect consumers from the very acts committed by Defendant.

48.     Defendant intended that Plaintiff rely on its misrepresentations.

49.     ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.
>
> 815 ILCS 505/10a

50.     As pled in paragraphs 29 through 31 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

51.     Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its business model.

52.     As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, LINDA BOZEC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 15, 2014                    Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC#6284659
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181